UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON MICHAEL GIBSON, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN REDDING, <br><br> Defendant. | CAUSE NO. 3:20-CV-519-RLM-MGG |

OPINION AND ORDER

Jason M. Gibson, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Gibson is housed at Miami Correctional Facility. He claims that he got into a "heated" argument with Correctional Officer Kevin Redding after he refused to go back to his cell as Officer Redding directed. He claims that during this argument, Officer Redding got spit on his face. Mr. Gibson doesn't describe any physical pain or physical injury he suffered as a result of this incident. He sues Officer Redding for monetary damages.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). The "core requirement" for an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (citations and quotation marks omitted). The purpose of this requirement is to "emphasize an important difference" between constitutional law and tort law. Guitron v. Paul, 675 F.3d 1044, 1046 (7th Cir. 2012). "In tort law, any unconsented and offensive touching is a battery," and even a "tickle with a feather can lead to an award of damages." *Id.* Such is not the case with constitutional law. *Id.* Indeed, in the prison context, "[c]ustodians must be able to handle, sometimes manhandle, their charges, if a building crammed with

2

disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable." *Id.*

It's not entirely clear from Mr. Gibson's complaint and attachments whether Officer Redding inadvertently got saliva on Mr. Gibson's face during the course of this heated argument, or whether he intentionally spit on Mr. Gibson. If Mr. Gibson is claiming that Officer Redding intentionally spit on him, conduct such as that, while unprofessional and no doubt unpleasant for Mr. Gibson, isn't the type of physical contact that gives rise to an Eighth Amendment excessive force claim. Hudson v. Palmer, 503 U.S. at 9-10; Guitron v. Paul, 675 F.3d at 1046. Mr. Gibson hasn't stated a plausible constitutional claim upon which relief could be granted against Officer Redding.

Ordinarily, a court gives a *pro se* litigant a chance to cure his defective pleadings. Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). In the interest of justice, the court will afford Mr. Gibson an opportunity to submit an amended complaint should he choose to do so.

For these reasons, the court GRANTS the plaintiff until **August 7, 2020**, to file an amended complaint if he so chooses. If Mr. Gibson doesn't respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on June 29, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT